F. G. LAMB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13176.    Promulgated December 19, 1928.

W. D. McBryar, *Esq.*, for the petitioner.
L. A. Luce, *Esq.*, for the respondent.

818

OPINION.

MORRIS: The question to be determined is whether certain payments received by petitioner from the Pittsburgh & Bessemer Coal Co. were dividends subject to surtax. A brief résumé of the facts shows that the Pittsburgh & Bessemer Coal Co. during 1920 and 1921 had two stockholders and was engaged in operating a coal sales agency. The company, since its incorporation in 1917, had considered itself a personal service corporation and its income had been returned by petitioner until 1919 and thereafter by petitioner and A. S. McQueen. For 1920 petitioner and McQueen returned the company's income in their individual returns, the petitioner's portion thereof being $162,184.16 and the tax on this amount being $84,255.62. Petitioner elected to pay the tax due in installments and just prior to the due date of each installment the company issued a voucher to him covering the installment due. The same procedure was followed as to McQueen's portion. The petitioner deposited the voucher in his bank account and paid the installment due with his personal check. During 1921 he paid a deficiency assessed against him for 1918 taxes and was reimbursed therefor by the company. Personal service classification was subsequently denied the coal company and for 1918 a certificate of overassessment was issued to petitioner and was credited by respondent against a deficiency of the coal company for 1918. The petitioner denies that the payments, totaling $86,128.70, received by him in 1921 from the company represented dividends.

Petitioner contends with respect to this latter amount that these payments were not dividends because dividends were not formally declared in these amounts, that they were not intended to be dividends nor were they treated as such by the stockholders or the corporation, and that he received the payments as an agent or trustee of funds placed in his hands for the specific purpose of paying the taxes on the corporation's net income.

The respondent contends that these payments were for the purpose of paying the petitioners individual income taxes for 1918 and 1920 and that as such the payments should be included in petitioner's net income as a distribution of corporate earnings. Respondent calls our attention to the evidence of record, which shows that these payments were at the end of the year charged to surplus. The respondent cites in support of his contention section 218 (a) and (e) of the Revenue Act of 1918 and our decision in *Old Colony Trust Co., et al., Executors,* 7 B. T. A. 648. Section 218 (e) reads as follows:

Personal service corporations shall not be subject to taxation under this title, but the individual stockholders thereof shall be taxed in the same manner as the members of partnerships. All the provisions of this title relating to partnerships and the members thereof shall so far as practicable apply to personal service corporations and the stockholders thereof: *Provided,* That for the purpose of this subdivision amounts distributed by a personal service corporation during its taxable year shall be accounted for by the distributees; and any portion of the net income remaining undistributed at the close of its taxable year shall be accounted for by the stockholders of such corporation at the close of its taxable year in proportion to their respective shares.

The company filed returns as a personal service corporation for the years 1918, 1919, and 1920. The statute clearly provides that the stockholders of a personal service corporation shall report in their individual returns amounts distributed to them during its taxable year and their respective proportions of the undistributed net income. Pursuant to that provision the petitioner returned his share of the company's net income for 1920 in his individual return for that year. The tax, based on that income, considering the taxable status of the company as shown by its return, was not that of the company, which the petitioner paid as an agent or trustee, but was his personal tax on income which the statute required him to report. The payment to him by the company of that part of his total tax clearly brings the case within the doctrine laid down in *Old Colony Trust Co., supra,* wherein we held that the payment by a corporation of State and Federal income taxes assessed against its president constituted income to him in the year in which such taxes were paid.

Petitioner argues that, since dividends were not formally declared and the payments were not in proportion to stock holdings,

such payments should not be considered dividends. We have heretofore held that earnings or profits may be distributed without the formality of a declaration of dividends, and that this is particularly true where the distribution is made with the unanimous consent of the stockholders. *United Tailors & Cleaners Co.*, 10 B. T. A. 172; *Daniel Hunt, Sr.*, 6 B. T. A. 558; and *Leo G. Hadley*, 6 B. T. A. 1031. We have also held that the mere fact that dividends were not in proportion to stock holdings is immaterial. *Joseph Goodnow & Co.*, 5 B. T. A. 1154, and *Leo G. Hadley, supra.* While it appears that these payments were not proportionate to stock holdings, this discrepancy is accounted for by the fact that the petitioner's tax on his pro rata share of the income of the company was proportionately greater than that of McQueen's.

The petitioner insists that the agreement between the stockholders and the corporation, which was subsequently reduced to writing and is incorporated in our findings, should prevent us from approving the determination of the respondent. While this agreement is no doubt operative against or in favor of the parties thereto, as the case may be, it is not determinative of whether amounts received by petitioner are subject to income taxes.

*Judgment will be entered under Rule 50.*